*GEICO v. Mayzenberg*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2023

Argued:  February 15, 2024
Question Certified:  November 12, 2024
Certified Question Answered:  November 24, 2025
Decided:  March 10, 2026

Docket No. 22-2537

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY,

*Plaintiffs-Appellees,*

–v.–

IGOR MAYZENBERG, MINGMEN ACUPUNCTURE, P.C., SANLI ACUPUNCTURE, P.C.,
LAOGONG ACUPUNCTURE, P.C.,

*Defendants-Appellants,*

TAMILLA DOVMAN, AKA TAMILLA KHANUKAYEV, IGOR DOVMAN, JOHN DOE,

*Defendants.*

Before:      LIVINGSTON, *Chief Judge*, LYNCH, and ROBINSON, *Circuit Judges*.

Appeal from a judgment entered in the United States District Court for the Eastern District of New York (Glasser, *J.*) granting summary judgment to Plaintiffs-Appellees Government Employees Insurance Company and three affiliated entities (collectively "GEICO").

GEICO presented evidence that the Defendants-Appellants—whom we collectively call the "Mayzenberg Defendants"—schemed to pay third parties for referring patients who were eligible for medical benefits under their no-fault insurance coverage to Defendant Mingmen Acupuncture, P.C., a health care provider. Under 11 N.Y.C.R.R. § 65-3.16(a)(12) (the "Eligibility Regulation"), an insurance company can deny reimbursement to a provider of health care services for no-fault benefits if the provider "fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York . . . ." The district court concluded that by paying third parties for patient referrals in violation of New York's rules of professional conduct, Mingmen "fail[ed] to meet" a "licensing requirement" within the meaning of the Eligibility Regulation, and thus GEICO was not obligated to pay no-fault benefits.

Because we determined that New York law did not clearly indicate whether the Eligibility Regulation excused payment of no-fault medical benefits under these circumstances, we certified the question to the New York Court of Appeals, which has now answered. In light of the New York Court of Appeals' holding that the Eligibility Regulation does not authorize an insurer to deny payment for no-fault benefits on the basis of "alleged professional misconduct that falls short of ceding control of a professional services corporation to an unlicensed party," the district court erred in concluding otherwise. *Government Employees Insurance Co. v. Mayzenberg*, __ N.Y.3d __, 2025 WL 3259882, at *3 (N.Y. Nov. 24, 2025). Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings.

––––––––––––

Barry I. Levy, Rivkin Radler LLP, New York, NY *for Plaintiffs-Appellees*.

Matthew J. Conroy, Schwartz, Conroy & Hack, PC, Garden City, NY, *for Defendants-Appellants*.

––––––––––––

2

PER CURIAM:

This case returns to us following the New York Court of Appeals' resolution of a certified question. *Government Employees Insurance Co. v. Mayzenberg*, __ N.Y.3d __, 2025 WL 3259882 (N.Y. Nov. 24, 2025). In light of the Court of Appeals' response, we **VACATE** the district court's judgment for GEICO and **REMAND** for further proceedings.

Plaintiffs-Appellees Government Employees Insurance Company and three affiliated entities (collectively, "GEICO") sued Defendants-Appellant Igor Mayzenberg and two of his businesses—Laogong Acupuncture, P.C. and Sanli Acupuncture, P.C.—alleging they paid third parties "kickbacks" for referring patients who were eligible for medical benefits under their no-fault insurance coverage to another Mayzenberg-owned business, Mingmen Acupuncture, P.C., which provided medical services and billed GEICO. In this opinion, we collectively refer to all four Defendants-Appellants as "the Mayzenberg Defendants."

GEICO asserted that 11 N.Y.C.R.R. § 65-3.16(a)(12) (the "Eligibility Regulation") empowered it to deny reimbursement to the Mayzenberg Defendants because the Mayzenberg Defendants had paid third parties for patient referrals, in violation of New York's rules of professional conduct. The district

3

court agreed and granted GEICO summary judgment on its claims for declaratory judgment, common-law fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, all of which rely on this reading of the Eligibility Regulation. *Government Employees Insurance Co. v. Mayzenberg*, No. 17-CV-2802, 2022 WL 5173745, at *5–*14 (E.D.N.Y. Aug. 24, 2022).

The Mayzenberg Defendants appealed, challenging the district court's conclusion that there was no genuine issue of material fact as to whether the Mayzenberg Defendants paid fees for patient referrals, and asserting that paying for patient referrals, in violation of New York Education Law § 6530(18) and 8 N.Y.C.R.R. § 29.1(b)(3), would not in any event disqualify a provider from receiving no-fault payments under the Eligibility Regulation.

On the first point, we agreed with the district court and concluded that there was no genuine dispute of fact. *Government Employees Insurance Co. v. Mayzenberg*, 121 F.4th 404, 413–14 (2d Cir. 2024). But we could not confidently predict whether the New York Court of Appeals would agree that paying for patient referrals in violation of New York law disqualifies a provider from receiving no-fault payments under the Eligibility Regulation. *Id.* at 414–15. We accordingly certified the following question to the New York Court of Appeals:

> If an insurer determines a healthcare provider has improperly paid others for patient referrals, in violation

4

of New York Education Law § 6530(18) and 8 N.Y.C.R.R. § 29.1(b)(3), can the insurer deny payment for no-fault benefits on the ground that the provider "fail[ed] to meet" a "necessary" State or local licensing requirement under 11 N.Y.C.R.R. § 65-3.16(a)(12)?

*Id.* at 422.

The New York Court of Appeals accepted the certified question and held that, pursuant to the Eligibility Regulation, an insurer may not decline to pay a healthcare provider no-fault benefits on the basis of "alleged professional misconduct that falls short of ceding control of a professional services corporation to an unlicensed party." *Government Employees Insurance Co.*, 2025 WL 3259882, at *3.

This decision requires us to vacate the district court's judgment, which was premised on its incorrect conclusion that "a healthcare services provider that improperly buys patient referrals is disqualified generally from receiving no-fault reimbursements under [the Eligibility Regulation]." *Government Employees Insurance Co.*, 2022 WL 5173745, at *7.

In supplemental briefing to this Court, the parties make additional requests of us. GEICO asks us to affirm the district court's judgment on the ground that the kickback and referral scheme was so extensive that the Mayzenberg Defendants improperly ceded control of Mingmen Acupuncture to an unlicensed

5

party.  The Mayzenberg Defendants, on the other hand, request that we not only vacate the judgment but also bar GEICO from filing a second summary judgment motion making arguments it could have but did not raise in its first motion.  We decline both parties' invitations to reach beyond the issues presented in this appeal, and we leave it to the district court in the first instance to address any further arguments arising as a result of the New York Court of Appeals' decision.

Accordingly, we **VACATE** the district court's judgment in favor of GEICO with respect to its declaratory judgment, common-law fraud, and RICO claims and **REMAND** for further proceedings consistent with this opinion.